# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>    Plaintiff,<br><br>v.<br><br>KERNAN, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00090-DAD-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**21 DAY DEADLINE** |

In this civil rights action pursuant to 42 U.S.C. § 1983, Plaintiff complains that CDCR is not retroactively applying good-time credits as dictated by Proposition 57. Plaintiff alleges that, if CDCR correctly followed Prop. 57, he would have already qualified for release, justifying his immediate release.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

1

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997). The complaint does not contain any allegations to show that Plaintiff's second "strike," under which he is currently incarcerated; the finding that he violated the terms of his probation, which has resulted in his incarceration for the past two years, or that CDCR's interpretation and application of Prop 57 in his maintaining his incarceration has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Further, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

In the complaint, Plaintiff contends that "[p]risoners who challenge procedures for denial of parole eligibility or procedures for parole release decisions that would not necessarily invalidate the confinement or its duration, may proceed directly under section 1983" without first exhausting administrative remedies. (Doc. 1, p. 21 (citing *Wilkinson v. Dotson*, 544 U.S. 74 (2005).) While *Wilkinson* allow proceedings under section 1983 challenging the constitutionality for some circumstances relating to parole, it does not allow an inmate challenging parole proceedings to circumvent 42 U.S.C. § 1997e(a). Additionally, *Wilkinson* does not allow Plaintiff to circumvent the favorable termination requirement of *Heck* since Plaintiff is challenging CDCR's implementation of Proposition 57. Plaintiff does not allege that Prop. 57 is

unconstitutional; rather, he argues that CDCR errantly implements it in a manner that prevents his release.

Plaintiff also states that he attempted to exhaust his claims by submitting several CDCR Form 602 appeals but was "blocked through the department's use of circular reasoning and other unreasonable means." (*Id.*) Plaintiff states that he did not attach those forms to the Complaint so as to "lessen clutter . . . , but will gladly submit them upon the court's request." (*Id.*) Such general statements do not show that Plaintiff exhausted the available remedies, or that he failed to do so because they were rendered unavailable to him. *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). "[P]roper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Id.* at 90. Plaintiff should submit any documents that he feels show his compliance with the administrative appeals process or that it was rendered unavailable to him. In the absence of such evidence, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, within **21 days**, the Court **ORDERS** Plaintiff to shall show cause in writing why this action should not be dismissed without prejudice because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997) and because he failed to exhaust the administrative remedies prior to filing suit.

**Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: __**April 6, 2018**__         _____/s/ Jennifer L. Thurston_____
                                                          UNITED STATES MAGISTRATE JUDGE