# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERNAN, et al.,<br><br>　　　　　Defendants. | **Case No. 1:18-cv-00090-DAD-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF STANDING**<br><br>**(Doc. 14)**<br><br>**21-DAY DEADLINE** |

In this civil rights action, Plaintiff complains that he is being wrongly denied early parole consideration under California's Proposition 57. Plaintiff's First Amended Complaint (Doc. 14) is before the Court for screening under 28 U.S.C. § 1915A(a). Despite the Court providing him the applicable standards before, Plaintiff's factual allegation demonstrate he lacks standing to bring his claims, such that this action should be **DISMISSED**.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1

§ 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**C.**     **Summary of the First Amended Complaint**

Plaintiff complains that the CDCR is not properly implementing California's Proposition 57. Plaintiff names CDCR Secretary Scott Kernan in his official capacity and seeks monetary damages as well as declaratory and injunctive relief.

Plaintiff alleges that Proposition 57, which was voted into law on November 3, 2016, is not being implemented in accordance with the will of the California legislature and voters. Plaintiff alleges that because he is required to register as sex offenders under California Penal Code § 290, CDCR has excluded him from early parole consideration under Proposition 57. (Doc. 14, pp. 8-9.)

Plaintiff alleges tha, in 1997, he pled to a charge[1] that counts as a strike.[2] (Doc. 14, p. 8.) In 2007, Plaintiff "received prison for possession of 2 morphine tablets, resulting in 3 year sentence, and now the one year prior (sic)." (*Id.*) Plaintiff was arrested on August 5, 2012 and charged with 2 counts under PC "§ 647.6(c)(2), annoying or molesting child under 18 with felony prior; an alternative sentence of § 647.6, a misdemeanor. (*Id.*) On April 10, 2014, Plaintiff was convicted after a jury trial and was sentenced on May 9, 2014 to a maximum of 15 years, 8 months which Plaintiff alleges was arrived at through a "doubling-enhancement of the 6-year maximum, and one-third its 4-year midterm; with a 1-year prison prior enhancement, all served consecutively." (*Id.*) Plaintiff alleges that § 647.6(c)(2) is not listed as a violent felony in § 667.5(a). (*Id.*)

Plaintiff alleges that under Proposition 57, he has been eligible for early parole consideration since August 5, 2018 but has not received it. (*Id.*) Plaintiff alleges that CDCR concedes that he is a nonviolent "second" striker but excludes him from Proposition 57's early parole consideration solely because of his "statutory, PC § 290 sex offender registration requirement," which Plaintiff alleges is "outside the initiative's language." (*Id.*) Plaintiff that these circumstances violate his rights under the Due Process Clause and the Equal Protection Clause. (*Id.*, p. 21.)

As discussed below, despite receiving the applicable standards (*see* Doc. 11), none of Plaintiff lacks standing and his claims are not cognizable. It appears that Plaintiff is unable to cure the deficiencies of his pleading and this action should be **DISMISSED**.

**D.     Pleading Requirements**

    **1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain

---

[1] In the original Complaint, Plaintiff alleged that this charge was under PC §288(a). (Doc. 1, p. 18.)

[2] Presumably, Plaintiff means that this counts as a strike under what is colloquially known as the "Three Strikes" law which imposes mandatory sentencing enhancements. Cal. Penal. C. § 667 et seq.

3

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## ANALYSIS

**A. Proposition 57**

On November 8, 2016, the California voters approved the Public Safety and Rehabilitation Act of 2016 "Proposition 57," which it took effect the following day. *People v. Marquez*, 11 Cal.App.5th 816, 821 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57

makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> > (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
> >
> > > (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
> >
> > (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

*See* Cal. Code Regs., tit. 15, § 3490, subd. (c) ["'Violent Felony' is a crime or enhancement as defined in Penal Code section 667.5, subdivision (c)."].) The addition of § 32 to the California Constitution is the only change made to the adult criminal justice system in California as a result of Proposition 57. The question presented here is whether Plaintiff has a protectable right under federal law to early parole consideration.

The plain meaning of the wording of Proposition 57 provides for early consideration of a qualifying inmate for parole but not actual parole or release. Since it falls outside of the "core of habeas corpus" it must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983 rather than in a habeas action. *Nettles v. Grounds*, 830 F.3d 922, 927-28 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017); *see, e.g., Borstad v. Hartley*, 668 Fed.Appx. 696, 697 (9th Cir. 2016) (finding that district court lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief since success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences."). The first question is whether Plaintiff qualifies as a "person convicted of a nonviolent felony offense" under Proposition 57.

### B. Plaintiff's Convictions

Plaintiff alleges that in 1997, he pled to a crime, which constituted his "first strike. As noted above, in the original Complaint, Plaintiff identified the Penal Code section for that strike as § 288(a). (Doc. 1, p. 18.) In 2007, PC § 647.6(c)(2) was enacted, which made violations of PC § 647.6(a) a felony for those who had been previously convicted of a felony under certain statutes, which included PC § 288(a). *See People v. McSherry*, 139 Cal.App.4th 519 (2007). In 2014, Plaintiff was convicted under PC § 647.6(c)(2). Plaintiff alleges that he finished serving six years under that sentence on August 5, 2018. (Doc. 14, p. 8.)

Acts under PC § 288(a) constitute a violent felony. Cal. P.C. § 667.5(c)(6). Acts under PC § 647.6(c)(2) do not constitute a violent felony. *See generally* Cal. Penal Code § 667.5 (listing violent felonies). Through PC § 647.6(c)(2), Plaintiff's prior conviction under PC § 288(a) made conviction under PC § 647.6(a)(1) a felony. However, there is no indication the Legislature intended PC § 647.6(c)(2) to make them "violent felonies" under PC § 667.5. Thus, because the charges under which Plaintiff alleges he is currently committed are non-violent felonies, Plaintiff has alleged adequately that he is eligible for parole consideration under Proposition 57 once he completes the sentence term for his primary offense.

Under Proposition 57, the full term for the primary offense means the longest term of imprisonment imposed by the court, excluding enhancements, consecutive sentences, or alternative sentences. Cal. Const. art. I, § 32(a)(1)(A). Because of Plaintiff's prior plea to charges under PC § 288(a), when he was convicted under PC § 647.6(a)(1), he became eligible for prison sentences of two, four, or six years. PC § 647.6(c)(2). Ordinarily, the first conviction under PC § 647.6(a)(1) could impose a sentence only of up to one year.

Plaintiff alleges that he was convicted under PC § 647.6(c)(2) on April 10, 2014 and that he was sentenced to a total of 15 years, 8 months which was derived by a doubling-enhancement of the 6-year maximum under PC § 647.6(c)(2) with one-third of its 4-year midterm and a 1-year prison prior enhancement, to be served consecutively. Thus, it appears as though Plaintiff would have served the full term for the primary offense on August 5, 2014, which is six years from the

date he was taken into custody, August 5, 2012.[3] However, Plaintiff filed a habeas action on his conviction in state court which proceeded to the Fifth Appellate District of the California Court of Appeal. The Fifth explained the compilation of Plaintiff's sentence as follows: "for count I, the second strike upper term of 12 years; for count II, a consecutive term of two years eight months (double one-third the midterm), plus one year for a prior prison term enhancement." *People v. Gregory Eugene Bisel*, No. F069380, at 11 (5th App. Cal. 2016). The Court takes judicial notice of Plaintiff's sentence as delineated by the Fifth. Fed. Rule Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012) (judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts). The Court will not accept as true Plaintiff's allegations related to his sentence because they are contradicted by court records. Accordingly, Plaintiff is not entitled to early parole consideration under Proposition 57 until he has served 12 years as to count I, which will not occur until August 5, 2024.

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997))). To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (citation omitted); *Lujan v.*

---

[3] Plaintiff did not submit an abstract of judgment reflecting his sentence, nor does he acknowledge that he was charged and convicted of 2 counts under PC § 647.6(c)(2) as alleged in the original Complaint. (*See* Doc. 1, pp. 18-19.)

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (citations omitted). Since Plaintiff is not entitled to early parole consideration under Proposition 57 until he has served the sentence of 12 years which was imposed as to count I, he lacks standing to proceed on claims based thereon at this time.

## **CONCLUSION & RECOMMENDATIONS**

Plaintiff fails show that he has standing to sue under Proposition 57. Given that Plaintiff has been provided the pleading requirements and legal standards for his claims, it appears the deficiencies in Plaintiff's pleading are not capable of cure through amendment. Leave to amend is thus futile and unnecessary. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that this action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 5, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE