UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 1:18-cv-00090-DAD-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 19) |

Plaintiff Gregory Eugene Bisel is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 5, 2019, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed with prejudice due to plaintiff's lack of standing to bring suit under California Proposition 57. (Doc. No. 15.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one days after service. (*Id.* at 8.) Plaintiff timely filed objections on May 2, 2019. (Doc. No. 16.) On June 24, 2019, after considering plaintiff's objections, the undersigned adopted the findings and recommendations in full and dismissed this case with prejudice. (Doc. No. 17.) Judgment was entered accordingly and the action was closed. (Doc. No. 18.)

/////

On December 2, 2019, plaintiff filed the instant motion for relief from a final judgment, pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. No. 19.)  Plaintiff filed a request for the status of the instant motion on May 28, 2020.  (Doc. No. 20.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, plaintiff provides no justification for reconsideration of the court's previously entered judgment.  Plaintiff reasserts that the magistrate judge erred by "taking judicial notice of a state appellate judge's inadvertent error stating plaintiff was sentenced to 12 years for one count of Cal. Pen. Code, section 647.6(c)(2), which carries a maximum six (6) year term."  (Doc. No. 18 at 1–2.)  This was the principal argument presented by plaintiff in his objections to the findings and recommendations.  (*See generally* Doc. No. 16.)  Those objections were fully considered and addressed in the court's order adopting the findings and recommendations.  Thus, plaintiff has provided no new or different facts, circumstances, or law that were not already raised in his objections.

Accordingly, plaintiff's motion for relief from judgment pursuant to Rule 60(b) (Doc. No. 19) is denied, and plaintiff's request for status of that motion (Doc. No. 20) is denied as being rendered moot.

IT IS SO ORDERED.

Dated:   **June 26, 2020**

UNITED STATES DISTRICT JUDGE