UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 1:18-cv-00090-DAD-JLT (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 22) |

Plaintiff Gregory Eugene Bisel is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 5, 2019, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed with prejudice due to plaintiff's lack of standing to bring suit under California Proposition 57. (Doc. No. 15.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one days after service. (*Id.* at 8.) Plaintiff timely filed objections on May 2, 2019. (Doc. No. 16.) On June 24, 2019, after considering plaintiff's objections, the undersigned adopted the findings and recommendations in full and dismissed this case with prejudice. (Doc. No. 17.) Judgment was entered accordingly, and the action was closed. (Doc. No. 18.)

/////

1

1    On December 2, 2019, plaintiff filed a motion for relief from a final judgment, pursuant to
2    Federal Rule of Civil Procedure 60(b). (Doc. No. 19.) The undersigned denied that motion on
3    June 29, 2020. (Doc. No. 21.) On July 8, 2020, plaintiff filed the instant motion for relief from a
4    final judgment. (Doc. No. 22.)

5    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
6    district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment
7    on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
8    evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
9    been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
10   Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any
11   event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

12   Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to
13   show the "new or different facts or circumstances claimed to exist which did not exist or were not
14   shown upon such prior motion, or what other grounds exist for the motion." Motions to
15   reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*,
16   825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en*
17   *banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
18   the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*,
19   634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828
20   F.2d 514 (9th Cir. 1987).

21   Here, plaintiff provides no justification for reconsideration of the court's previously
22   entered judgment. Plaintiff requests that the court take judicial notice of his state habeas corpus
23   petition in the California Court of Appeal for the Fifth Appellate District, and he asserts that the
24   state court "apparently has believed that Plaintiff does indeed have standing to contend he is
25   entitled to be considered for Proposition 57's early parole provision for nonviolent prisoners."
26   (Doc. No. 22 at 1–2.) In the June 24, 2019 order adopting the magistrate judge's findings and
27   recommendations, the undersigned took judicial notice of plaintiff's sentence as delineated by the
28   California Court of Appeal. (*See* Doc. No. 17 at 2.) The undersigned then concluded that

plaintiff was not entitled to early parole consideration under California law, specifically California's Proposition 57, until he has served twelve years on his underlying conviction, which will not occur until August 5, 2024.  (*Id.* at 2.)

In sum, the instant motion has provided no new or different facts, circumstances, or law that that would justify this court's reconsideration if its previously entered judgment.  Moreover, "further filings . . . cannot yield the results [plaintiff] seeks" because he cannot have standing until August 5, 2024.  *See Vera v. Biter*, No. 1:14-cv-00567-LJO-JLT, 2016 WL 3999995, at *2 (E.D. Cal. July 25, 2016).  Accordingly, plaintiff's motion for relief from the judgment pursuant to Rule 60(b) (Doc. No. 22) is denied.  This case is closed, and no further filings by plaintiff will be considered.

IT IS SO ORDERED.

Dated:  **January 25, 2021**

UNITED STATES DISTRICT JUDGE